IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 4, 2026

## GERALD KINER v. SHELBY COUNTY GOVERNMENT

**Appeal from the Chancery Court for Shelby County**
**No. CH-24-1643          James R. Newsom, III, Chancellor**

———————————————————————

### No. W2025-00695-COA-R3-CV

———————————————————————

In this case involving Tennessee's Public Records Act, the plaintiff requested copies of proposals submitted in response to a request for proposals announced by the defendant county. After the county denied the plaintiff's request pursuant to an exception set forth in Tennessee Code Annotated § 10-7-504(a)(28), the plaintiff filed a complaint with the trial court. Upon the county's motion, the trial court dismissed the complaint with prejudice. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ANDY D. BENNETT, J., joined.

Gerald Kiner, Memphis, Tennessee, Pro Se.

Mariann Tait Barksdale and Katherine L. Frazier, Shelby County Attorney's Office, Memphis, Tennessee, for the appellee, Shelby County Government.

## OPINION

### I. Factual and Procedural Background

On December 6, 2024, the plaintiff, Gerald Kiner, proceeding without benefit of counsel, filed a complaint alleging that the defendant, the Shelby County Government ("the County"), had violated the Tennessee Public Records Act ("TPRA"). Mr. Kiner averred that he had submitted a proposal in response to the County's Request for Proposal Number 25-009-07 ("the RFP") related to an Environmental Justice Lead Prevention Grant. Documents attached to Mr. Kiner's complaint indicated that in November 2024, the County

had sent Mr. Kiner a notice that it had cancelled the RFP without awarding a contract but that Mr. Kiner would be notified in the event of a "rebid." Mr. Kiner had then requested an "electronic copy of the proposals submitted by each vendor that responded to" the RFP.

The County had declined Mr. Kiner's request pursuant to an exception set forth in Tennessee Code Annotated § 10-7-504(a)(28), which provides that proposals "shall not be open for public inspection until the intent to award the contract to a particular respondent is announced." In his complaint, Mr. Kiner asserted that the exception was inapplicable because the County no longer exhibited an "intent to award" the contract. Mr. Kiner requested that the trial court enter a judgment (1) declaring that the County had violated the TPRA, (2) directing the County to immediately release the requested records, and (3) awarding him attorney's fees and costs pursuant to Tennessee Code Annotated § 10-7-505(g).

On January 2, 2025, the County filed a motion to dismiss, asserting that Mr. Kiner had failed to state a claim upon which relief could be granted pursuant to Tennessee Rule of Civil Procedure 12.02(6). The County reiterated its position that Tennessee Code Annotated § 10-7-504(a)(28) provided an exception and asserted that fairness to vendors dictated that proposals could not be released because of the potential for a rebid on the RFP. On January 6, 2025, Mr. Kiner filed a response opposing the motion to dismiss with a request for sanctions against the County's counsel pursuant to Tennessee Rule of Civil Procedure 11. Mr. Kiner alleged that the County had filed "a frivolous motion, designed to obstruct justice and delay the resolution of this matter." Mr. Kiner concomitantly filed a "Motion for Judgment and Request for Sanctions," requesting "a default judgment or summary judgment . . . based on [the County's] failure to comply with the TPRA and obstruction of the discovery process." He requested sanctions pursuant to Rule 11 and attorney's fees pursuant to Tennessee Code Annotated § 10-7-505(g).

The trial court entered an order setting all motions for hearing. However, prior to the hearing date, Mr. Kiner filed a motion to recuse the trial court judge, alleging that the judge had shown bias toward Mr. Kiner in previous cases. In an order entered on February 14, 2025, the trial court denied the motion to recuse upon determining that Mr. Kiner had failed to comply with the strict requirements of Tennessee Supreme Court Rule 10B and had not met his burden to establish a reasonable basis for questioning the trial court judge's impartiality.

Four days later, Mr. Kiner filed a petition for writ of mandamus in the trial court. He addressed the petition "TO THE HONORABLE JUDGES OF THIS COURT" and insisted that the trial court judge should recuse himself. He argued that a writ of mandamus was appropriate because the trial court judge had "fail[ed] to perform a mandated duty" by denying the motion for recusal. Mr. Kiner filed multiple attachments to his mandamus petition, including pleadings and transcripts related to four consolidated cases involved in a previous appeal to this Court: *Kiner v. Shelby Cnty. Gov't Pub. Records Dep't*, No.

W2025-00223-COA-R3-CV, 2025 WL 2490545, at *1 (Tenn. Ct. App. Aug. 29, 2025) ("*Kiner I*"). In that appeal, Mr. Kiner had challenged the trial court's denial of his motion to strike allegedly disparaging comments made by the trial court judge. *Id.* In *Kiner I*, this Court dismissed the appeal "due to the deficiencies in [Mr. Kiner's] brief, and because we cannot grant [Mr. Kiner] the relief he seeks"). *Id.*

In the instant action, the County filed a motion to strike Mr. Kiner's motion for judgment and request for sanctions or, in the alternative, a response to Mr. Kiner's motion on March 5, 2025. The County requested that Mr. Kiner's motion be stricken as frivolous pursuant to Tennessee Rule of Civil Procedure 12.06. Alternatively, the County requested that Mr. Kiner's motion be denied because no grounds existed for either default or summary judgment and because Mr. Kiner had failed to comply with the requirements of a summary judgment motion under Tennessee Rule of Civil Procedure 56. Mr. Kiner filed a response opposing the motion to strike and requesting an award of attorney's fees and costs. The County filed a supplemental memorandum in support of its motion to strike, and Mr. Kiner filed a reply.

On March 21, 2025, the trial court conducted a hearing related to the County's motion to dismiss and Mr. Kiner's motion for judgment and request for sanctions. In an order entered on May 9, 2025 ("the May 2025 Order"), the court granted the County's motion to dismiss Mr. Kiner's complaint with prejudice upon determining that the County had properly relied on the exception within Tennessee Code Annotated § 10-7-504(a)(28). The court found that Mr. Kiner had "no right to inspect the proposals or to receive copies of the proposals that were received by the County because there was no announcement made by Shelby County to award a contract to a vendor." The court also denied "all other Motions that have been asserted by [Mr. Kiner] in this cause of action."

Mr. Kiner filed a timely notice of appeal on May 12, 2025. On May 15, 2025, Mr. Kiner filed a "Notice of No Transcript," stating that he did "not have a copy of the official transcript of the March 21, 2025 hearing" and that "if a transcript is to be filed, it will be submitted by [the County] as the prevailing party who drafted the final order." On June 10, 2025, the County filed a "Motion to Correct or Modify the Record," positing that pursuant to Tennessee Rule of Appellate Procedure 24(b) and (e), it is the appellant's responsibility to provide a copy of the transcript to this Court. The County attached email correspondence indicating that its counsel had previously informed Mr. Kiner that he could request a copy of the transcript from the court reporter and had provided Mr. Kiner with the court reporter's contact information. In its motion, the County requested "a determination requiring [Mr. Kiner] to obtain a copy of the transcript at his own cost, and that the Transcript be filed as part of the record in this case and transmitted to the Court of Appeals in accordance with Rule 24(e)[.]"

Following a hearing during which Mr. Kiner did not appear, the trial court entered an order on July 2, 2025 ("the July 2025 Order"). The court granted the County's motion

to correct or modify the record and ordered Mr. Kiner, "should he wish to pursue his appeal, to obtain a copy of the Transcript from the court reporter and file same with the clerk of the trial court on or by July 7, 2025." On the same day as the July 2025 Order's entry, Mr. Kiner filed a motion to vacate or modify the order. Mr. Kiner averred that he had "elected not to include a transcript of the March 21, 2025 hearing" and had instead filed a notice of no transcript. On September 2, 2025, the County filed a response opposing Mr. Kiner's motion to vacate or modify, and Mr. Kiner filed a reply.

On September 12, 2025, the trial court conducted a hearing concerning Mr. Kiner's motion to vacate or modify the July 2025 Order. Although the transcript of this hearing is not in the record, it is clear from subsequent pleadings that the court had announced its decision to deny Mr. Kiner's motion orally from the bench. On that same day, Mr. Kiner filed a motion for reconsideration of the trial court's ruling and a second motion to recuse the trial court judge. The trial court entered an order on September 18, 2025, denying Mr. Kiner's motion to vacate or modify the July 2025 order.

During the pendency of this appeal and before the completion of any briefing, the County filed a motion to dismiss the appeal based on Mr. Kiner's "Failure to Comply with Trial Court Order and Tennessee Rules of Appellate Procedure," citing Mr. Kiner's failure to file a transcript pursuant to the July 2025 Order. Mr. Kiner filed a response opposing the County's motion to dismiss the appeal, a motion for sanctions against the County's counsel, and various motions requesting that this Court take judicial notice of, *inter alia*, "constitutional authorities" and "record-based filings." The County filed a response opposing Mr. Kiner's motion for sanctions.

In December 2025, this Court entered two orders deferring the parties' pending motions to this panel. Accordingly, we will address these outstanding motions in the following analysis.

## II. Issues Presented

Mr. Kiner has presented the following issues on appeal, which we have consolidated, reordered, and restated as follows:

1. Whether the trial court erred by dismissing Mr. Kiner's complaint with prejudice upon finding that the County had not violated the TPRA.

2. Whether the trial court erred by declining to take judicial notice pursuant to Tennessee Rule of Evidence 201(g).

3. Whether the County's filing was void *ab initio* due to alleged "government-attorney misconduct."

- 4 -

The County has presented the following additional issue:

4.      Whether Mr. Kiner's appeal should be dismissed due to failure to comply with Tennessee Rules of Appellate Procedure 24 and 27.

III.  Standard of Review

As this Court has previously explained:

> In ruling on a motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6), the trial court must determine whether the pleadings state a claim upon which relief may be granted.  A Rule 12.02(6) motion tests "only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence."  *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011).  The resolution of such a motion is therefore determined by an examination of the pleadings alone.  *Id.*  The court should grant the motion to dismiss only if it appears that the plaintiff cannot establish any facts in support of the claim that would warrant relief.  *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999).  We review a trial court's resolution of a motion to dismiss de novo with no presumption of correctness.  *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 308 (Tenn. 2012).

*Woodruff by & through Cockrell v. Walker*, 542 S.W.3d 486, 493 (Tenn. Ct. App. 2017).

We recognize that Mr. Kiner is a *pro se* litigant and respect his decision to proceed self-represented.  Mr. Kiner has raised as an "issue" on appeal whether he, as a *pro se* plaintiff, is "entitled to full liberal construction" under applicable law.  The standard of review regarding self-represented litigants is well established, as this Court has previously clarified:

> *Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden.  Conducting a trial with a *pro se* litigant who is unschooled in the intricacies of evidence and trial practice can be difficult.  Nonetheless, trial courts are expected to appreciate and be understanding of the difficulties encountered by a party who is embarking into the maze of the judicial process with no experience or formal training.

*Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988) (internal citations omitted).  Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe."

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). This Court must "be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Id.* Furthermore, "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *See Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) (quoting *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)).

IV. Compliance with Tennessee Rules of Appellate Procedure

As a threshold issue, the County contends that Mr. Kiner's appeal should be dismissed because he has not complied with Tennessee Rule of Appellate Procedure 24 in that he failed to file a transcript of the March 2025 hearing. The County also contends that this appeal should be dismissed because Mr. Kiner has waived his substantive issues on appeal by failing to comply with the briefing requirements of Tennessee Rule of Appellate Procedure 27(a). We decline to dismiss this appeal and will address each of the County's contentions in turn.

In the July 2025 Order, the trial court granted a motion filed by the County and directed Mr. Kiner to obtain and file the transcript of the March 2025 hearing despite Mr. Kiner's prior filing of a notice that he would not be filing a transcript. On appeal, the County urges that this appeal should be dismissed because Mr. Kiner did not file the transcript. In support of its argument, the County relies on Tennessee Rule of Appellate Procedure 24(b), which provides in pertinent part:

> [I]f a stenographic report or other contemporaneously recorded, substantially verbatim recital of the evidence or proceedings is available, the appellant shall have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal.

Rule 24(b) further provides that if less than the entire transcript is to be included,

> the appellant shall, within 15 days after filing the notice of appeal, file with the clerk of the trial court and serve on the appellee a description of the parts of the transcript the appellant intends to include in the record, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal.

Under Rule 24(b), the appellee may then designate additional parts of the transcript to be included, and the appellant shall either include those parts at its own expense or request that the trial court require the appellee to pay the expense. When no transcript is available, the appellant may prepare a statement of the evidence that "should convey a fair, accurate

and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(c).

Here, the trial court found in the July 2025 Order that a transcript of the March 2025 hearing was available. Mr. Kiner did not deny the existence of a transcript but insisted that once he had filed a notice of his "election" not to include a transcript, it was the County's responsibility to provide the transcript if the County desired to see it included. Regarding the procedure to be followed when no transcript or statement of the evidence is to be filed, Tennessee Rule of Appellate Procedure 24(d) provides:

> If no transcript or statement of the evidence or proceedings is to be filed, the appellant shall, within 15 days after filing the notice of appeal, file with the clerk of the trial court and serve upon the appellee a notice that no transcript or statement is to be filed. <u>If the appellee deems a transcript or statement of the evidence or proceedings to be necessary, the appellee shall, within 15 days after service of the appellant's notice, file with the clerk of the trial court and serve upon the appellant a notice that a transcript or statement is to be filed. The appellee shall prepare the transcript or statement at the appellee's own expense or apply to the trial court for an order requiring the appellant to assume the expense.</u> The other provisions of subdivisions (b) and (c) of this rule are applicable to the transcript or statement filed by the appellee under this subdivision, except that the appellee under this subdivision shall perform the duties assigned to the appellant in subdivisions (b) and (c) of this rule and the appellant under this subdivision shall perform the duties assigned to the appellee in subdivisions (b) and (c) of this rule.

(Emphasis added.)

In this case, twenty-six days after Mr. Kiner had filed his notice of no transcript, the County filed a motion requesting that the trial court order Mr. Kiner not only to pay the cost of obtaining the transcript but also to file the transcript. Instead, pursuant to Rule 24(d), the proper procedure would have been for the County to, within fifteen days of Mr. Kiner's notice of no transcript, file a notice that it was going to file the transcript and a motion requesting that the trial court direct Mr. Kiner to assume the expense. The court's July 2025 Order directing Mr. Kiner to file the transcript was not in keeping with Rule 24(d). We therefore deny the County's request to dismiss this appeal pursuant to Tennessee Rule of Appellate Procedure 24.

We note that when Mr. Kiner chose not to obtain and file the transcript of the March 2021 hearing, he waived any factual dispute with the trial court's findings. This is because when no transcript or statement of the evidence has been provided to us, we must presume that the record would have supported the trial court's factual findings. *See Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992) ("This court cannot review the facts de novo

without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings."). Therefore, this Court will proceed with the presumption that the transcript would have supported the trial court's factual findings in the resulting order, which was the May 2025 Order dismissing the appeal. *See Sherrod*, 849 S.W.2d at 783.

The County also argues that Mr. Kiner has waived his issues on appeal by failing to comply with Tennessee Rule of Appellate Procedure Rule 27(a) through, *inter alia*, failing to make appropriate citations to the record and through making inapplicable or incomplete citations to authority. Upon our review of Mr. Kiner's appellate brief and "reply" to the County's brief, we decline to hold that Mr. Kiner has waived the substantive issues on appeal.

We recognize that "[c]ourts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). This Court has previously admonished that a party "cannot expect this court to do its work for them" and that this Court is "under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief." *Id.* at 56. Although we may suspend the requirements of Rule 27 for "good cause," "the Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." *Id.* at 54-55. Nevertheless, we also recognize that "[t]he Tennessee Rules of Appellate Procedure should be construed to afford all parties a hearing on the merits." *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 397 (Tenn. Ct. App. 1997) (deciding the appeal on the merits despite acknowledging that the appellant failed to comply with Rule 27); *see* Tenn. R. App. P. 1 ("These rules shall be construed to secure the just, speedy, and inexpensive determination of every proceeding on its merits.").

Although Mr. Kiner has indeed failed to provide specific citations to the record in his initial brief on appeal, we determine that he has not failed to comply with Rule 27 so substantially as to waive the crux of his appeal. *See Total Garage Store, LLC v. Moody*, No. M2019-01342-COA-R3-CV, 2020 WL 6892012, at *6 (Tenn. Ct. App. Nov. 24, 2020) (declining to impose the "heavy penalty of dismissal" even though the appellant's brief was not "a model for record citation"). Additionally, we do not find that Mr. Kiner's citations to some inapposite authorities, such as cases involving criminal law or unrelated issues, are so egregious as to prevent this Court from properly reviewing applicable authorities. In an effort to proceed in accordance with this Court's construction of Tennessee's Rules of Appellate Procedure, we exercise our discretion to decide this action on its merits. *See, e.g.*, *FedTrust Fed. Credit Union v. Brooks*, No. W2022-01119-COA-R3-CV, 2023 WL 3994520, at *2 (Tenn. Ct. App. June 14, 2023) ("In this case, the legal analysis is relatively straightforward, and we perceive no prejudice to [the plaintiff] or the

administration of justice from considering [the defendant's] arguments despite her Rule 27 violations."). The County's motion to dismiss this appeal is therefore denied.

## V. Propriety of TPRA Complaint's Dismissal

Although Mr. Kiner has raised other issues on appeal, we determine that the issue concerning whether the trial court erred by finding that the County had not violated the TPRA, and thus dismissing his complaint, is dispositive of this appeal. Mr. Kiner argues that the County violated the TPRA and "concealed" what should have been public records when the County denied his request to obtain copies of all proposals submitted in response to the RFP. The County responds that the trial court properly determined that Tennessee Code Annotated § 10-7-504(a)(28) operates to except the records at issue from disclosure. Upon thorough review, we conclude that the trial court correctly applied the statutory exception.

Interpretation of the TPRA is a question of law, which we review *de novo* with no presumption of correctness. *Tennessean v. Metro. Gov't of Nashville & Davidson Cnty.*, 485 S.W.3d 857, 862-63 (Tenn. 2016). "When interpreting statutes, we must determine and give effect to the Legislature's intent in adopting the statute without adding or taking away from its intended meaning or application." *Id.* at 863. The TPRA defines public records as

> all documents, papers, letters, maps, books, photographs, microfilms, electronic data processing files and output, films, sound recordings, or other material, regardless of physical form or characteristics made or received pursuant to law or ordinance or in connection with the transaction of official business by any governmental agency[.]

Tenn. Code Ann. § 10-7-301(6) (West April 23, 2013, to current).

As our Supreme Court has explained:

> There is a presumption of openness for government records. *Memphis Publ'g Co.* [*v. City of Memphis*], 871 S.W.2d [681,] 684 [(Tenn. 1994)]. Custodians of the records are directed to promptly provide for inspection any public record not exempt from disclosure. The Public Records Act directs the courts to broadly construe the Act "so as to give the fullest possible access to public records." The Act allows a person whose request for public records is denied to file suit and seek judicial review of the governmental entity's denial. The governmental entity must prove justification for nondisclosure by a preponderance of the evidence. The trial court has the discretion to award costs and attorney fees when the court determines that the

- 9 -

governmental entity that denied access to a public record knew that the record was a public record and willfully refused to disclose it.

The Public Records Act, however, is not absolute, as there are numerous statutory exceptions to disclosure. When the Act was adopted in 1957, only two categories of records were excepted from disclosure— medical records of patients in state hospitals and military records involving the security of the nation and state. However, over the years, the General Assembly has added over forty categories of records specifically excepted from the Act.

*Tennessean*, 485 S.W.3d at 864-65 (footnotes omitted).

The statutory exception at issue here, Tennessee Code Annotated § 10-7-504(a)(28) (West April 27, 2026, to current), provides:

Proposals and statements of qualifications received by a local government entity in response to a personal service, professional service, or consultant service request for proposals or request for qualifications solicitation, and related records, including, but not limited to, evaluations, names of evaluation committee members, and all related memoranda or notes, shall not be open for public inspection until the intent to award the contract to a particular respondent is announced.

Having given notice to Mr. Kiner that the RFP was cancelled, the County declined Mr. Kiner's request for the proposals pursuant to the above exception.

In determining that § 10-7-504(a)(28) operated to except the proposal records, the trial court stated:

The Court notes that the RFP in question was never awarded to a winning vendor because it was canceled prior to any award decision being made by Shelby County. The result of this cancellation made it impossible for Shelby County to announce an intent to award a contract, since there was no vendor to award a contract to. The Court further finds that the purpose of this statute is to not compromise the competitiveness of any future bidding process which may or may not occur. This competitive process would be jeopardized if these records were available to the public, and the same vendors re-submitted a second bid to a new RFP. The Court holds that TCA § 10-7-504(a)(28) requires that the proposals received by a government entity in response to a RFP remain confidential and not open for public inspection until or unless the intent to award the contract to a particular vendor is announced.

Accordingly, the trial court determined that Mr. Kiner "has no right to inspect the proposals or to receive copies of the proposals that were received by Shelby County because there was no announcement made by Shelby County to award a contract to a vendor." We agree.

In his complaint, Mr. Kiner asserted that § 10-7-504(a)(28) was inapplicable because "[g]iven the cancellation of the RFP, there is no forthcoming 'intent to award.'" However, the statute clearly states that the proposals received by the government entity "shall not be open for public inspection until the intent to award the contract to a particular respondent is announced." Tenn. Code Ann. § 10-7-504(a)(28). Contrary to Mr. Kiner's argument, the condition necessary for the proposals to be released—an announcement of the intent to award the contract to a particular respondent—had not occurred at the time that Mr. Kiner submitted his TPRA request. We note that the phrase, "shall not," as it is used in this statute, indicates a mandatory prohibition on opening the proposals to public inspection until the condition set forth in the exception is met. *See Perrusquia v. Bonner*, 719 S.W.3d 169, 179 (Tenn. Ct. App. 2024) ("In general, use of the word 'shall' in a statute indicates that the statutory provision is mandatory, not discretionary." (quoting *Emory v. Memphis City Sch. Bd. of Educ.*, 514 S.W.3d 129, 144 n.11 (Tenn. 2017))).

Pursuant to the unambiguous language of Tennessee Code Annotated § 10-7-504(a)(28), the trial court properly found the statutory exception to be applicable to Mr. Kiner's TPRA request. We therefore affirm the trial court's dismissal with prejudice of Mr. Kiner's complaint.

## VI. Remaining Issues

Mr. Kiner's remaining issues focus on judicial notice and what he terms "government-attorney misconduct." Mr. Kiner asserts that the trial court erred by declining to take judicial notice of factual statements, authorities, and suppositions made by Mr. Kiner regarding the actions of the County's counsel. Similarly, Mr. Kiner has filed several motions in this Court requesting that we take judicial notice of his factual statements, his authorities cited, and his version of actions taken by the County's counsel. We decline to take judicial notice of these "facts" because they do not constitute the types of facts for which this Court would take judicial notice. *See* Tenn. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute, in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); Tenn. R. App. P. 13(c) (providing that state appellate courts "may consider those facts established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or are considered pursuant to Rule 14 [regarding post-judgment facts]."). To the extent that Mr. Kiner has requested that this Court take mandatory judicial notice of pleadings in the record, constitutional provisions,

statutes, and legal precedent, we note that such a request is unnecessary because this Court thoroughly considers the record and all applicable law.[1]

Regarding the alleged "government-attorney misconduct," Mr. Kiner posits that the County's "filing," by which he appears to mean the County's motion to dismiss the complaint, was void *ab initio* because of, *inter alia*, misstated facts and "den[ied] evidence." We find no such fault with the County's motion to dismiss or other pleadings. Additionally, we discern no grounds for Mr. Kiner's motion to issue sanctions against the County's counsel on appeal.

Accordingly, Mr. Kiner's various motions for sanctions on appeal and for this Court to take judicial notice are denied. Moreover, having determined that the trial court properly dismissed Mr. Kiner's TPRA complaint, we further determine that all remaining issues are pretermitted as moot.

## VII. Conclusion

For the foregoing reasons, we affirm the trial court's May 2025 Order dismissing Mr. Kiner's complaint with prejudice. We deny the County's motion to dismiss this appeal and Mr. Kiner's motions for sanctions and for judicial notice. We remand this matter to the trial court for collection of costs below. Costs on appeal are assessed to the appellant, Gerald Kiner.

s/ Thomas R. Frierson, II_____
THOMAS R. FRIERSON, II, JUDGE

---

[1] In his stated issue on appeal, Mr. Kiner relies particularly on Tennessee Rule of Evidence 201(g). Because subsection 201(g) involves jury instructions, it is inapplicable to this non-jury proceeding.